IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 1:18-cr-236 |
| v. | ) |
| | ) |
| RONALD LEE BLANKEN III, | ) |
| | ) |
| Defendant. | ) |

FILED
IN OPEN COURT
JUN 2 2 2018
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## STATEMENT OF FACTS

The United States and the defendant, RONALD LEE BLANKEN III (hereinafter "BLANKEN"), agree that the United States would have proven the following facts at trial, beyond a reasonable doubt, with admissible and credible evidence:

1. On or about January 6, 2018, in Dale City, Virginia, within the Eastern District of Virginia, BLANKEN, in connection with the acquisition of three firearms from DK Firearms and Roderick Bulley, that is, two Smith & Wesson, model M&P 40 Shield M2.0, .40 caliber pistols, and one Century Arms, model RAS 47 AK, 7.62x39 mm rifle, did unlawfully and knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44, Title 18, United States Code, to be kept in DK Firearms' and Roderick Bulley's records, in that the defendant executed Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Records, stating that the defendant was the actual buyer of the firearms listed on the forms, when the defendant knew, in truth and in fact, that he was not the actual buyer of the listed firearms, but was acquiring them on behalf of another person, namely Keith Andre Haddock II ("Haddock").

2.   These three firearms purchased by BLANKEN from DK Firearms and Roderick Bulley were among eleven firearms BLANKEN purchased from December 28, 2017, through January 6, 2018, within the Eastern District of Virginia, for Haddock. One (1) of the firearms purchased by BLANKEN has since been recovered by law enforcement ancillary to the investigation of other crimes in Maryland.

3.   Specifically, on or about January 6, 2018, BLANKEN purchased two (2) firearms from DK Firearms, a federal firearms licensee ("FFL") located in Bowling Green, Virginia and, on or about January 6, 2018, BLANKEN purchased one (1) firearm from Rockerick Bulley, a FFL located in Winchester, Virginia. Both purchases occurred at the Dale City Gun Show, within the Eastern District of Virginia. For each purchase, BLANKEN was required by law to truthfully fill out ATF Form 4473. On each occasion, BLANKEN responded "yes" to a question on ATF Form 4473 that he was the actual buyer of the firearm listed for purchase when, in fact, BLANKEN was not the actual buyer – BLANKEN was purchasing the firearms on behalf of Haddock, who is a twice convicted felon.

4.   On one occasion prior to BLANKEN's arrest, law enforcement conducted a voluntary interview with BLANKEN. BLANKEN stated to law enforcement that he began purchasing firearms on behalf of Haddock in December 2017, after a co-conspirator solicited BLANKEN's and an unindicted co-conspirator's participation in a scheme to purchase firearms on behalf of Haddock and the co-conspirator. BLANKEN confirmed that he purchased eleven firearms on behalf of Haddock. BLANKEN and an unindicted co-conspirator confirmed in interviews that BLANKEN accompanied Haddock and other unindicted co-conspirators to gun shows and gun stores where an unindicted co-conspirator purchased twelve additional firearms on behalf of Haddock.

5. Beginning in December 2017, and continuing through January 2018, Haddock communicated with BLANKEN by in-person conversation, as well as through other co-conspirators, regarding the purchase of firearms. In these communications, BLANKEN and Haddock discussed the number and type of firearms Haddock wanted BLANKEN to purchase, and established times and places to meet in order for BLANKEN, other co-conspirators, and Haddock to travel to gun shows and gun stores to purchase firearms for Haddock.

6. BLANKEN knew that Haddock did not reside in the state of Virginia and, thus, could not lawfully buy firearms in Virginia himself.

7. The above-referenced weapons are "firearms" as defined in Title 18, United States Code, Section 921(a)(3).

8. The acts taken by BLANKEN in furtherance of the offense charged in this case, including the acts described above, were done willfully, knowingly, and with the specific intent to violate the law, and were not committed by mistake, accident or other innocent reason.

9. This statement of facts includes those facts necessary to support the plea agreement between BLANKEN and the United States. It does not include each and every fact known to BLANKEN or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding BLANKEN's case.

10. This statement of facts shall be admissible as a knowing and voluntary confession in any proceeding against BLANKEN regardless of whether the plea agreement is presented to or accepted by a court. Moreover, BLANKEN waives any rights that he may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the statement of facts in any such proceeding.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: /s/ Stephanie Williamson
Stephanie Williamson
Special Assistant United States Attorney
Nicholas U. Murphy
Assistant United States Attorney

Defendant's Signature:  After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Ronald Lee Blanken III, and the United States, I hereby stipulate that the above statement of facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 6-22-18

Ronald Blanken III
Ronald Lee Blanken III
Defendant

Defense Counsel Signature:  I am counsel for the defendant in this case.  I have carefully reviewed the above statement of facts with him.  To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 6/22/18

Jeffrey Zimmerman, Esq.
Counsel for Defendant

5