**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Criminal No. 1:18-CR-236 |
| v. | ) | |
| | ) | Hon. T.S. Ellis, III |
| RONALD LEE BLANKEN III, | ) | |
| | ) | Sentencing: November 30, 2018 |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by undersigned counsel, in accordance with 18 U.S.C. §

3553(a) and the United States Sentencing Commission, Guidelines Manual ("Guidelines"),

hereby submits this position paper with respect to the sentencing of the defendant, Ronald Lee

Blanken III. The United States has reviewed the Presentence Investigation Report (PSR) and

agrees with the findings of the Probation Office, which indicate that the defendant's Guidelines

range is 12 to 18 months of incarceration (based on a total offense level of 13 and a criminal

history category of I). For the reasons set forth below, the government respectfully recommends

a sentence of 12 months incarceration.

**BACKGROUND AND PROCEDURAL HISTORY**

Between December 28, 2017 and January 6, 2018, the defendant purchased eleven (11)

firearms for co-defendants Keith Haddock and Brittany Blanken. Specifically, on four (4) different

occasions between December 28, 2017 and January 6, 2018, the defendant went with co-

defendants Haddock and Brittany Blanken and his girlfriend, Amanda Ward, to multiple gun

shows in the Eastern District of Virginia to buy firearms for Haddock and Brittany Blanken.

Haddock provided the money to Ronald Blanken to purchase the firearms and Haddock and

Brittany Blanken directed the defendant on what firearms he should purchase for them at the gun show. After the defendant purchased the firearms for Haddock and Brittany Blanken, he placed the firearms in the trunk or back of the vehicle Haddock and Brittany Blanken picked him up in. Subsequently, Haddock and Brittany Blanken dropped the defendant and Ward off at their residence in Virginia before Haddock and Brittany Blanken transported the firearms back to Maryland and Washington, D.C. where the firearms were re-sold.

The defendant participated in the unlawful scheme after Brittany Blanken promised Ward $3000 and also promised to buy the defendant an expensive shotgun as a Christmas present. In the end, for his efforts to purchase the firearms, Haddock paid the defendant $100.

On June 22, 2018, the defendant pled guilty to Count Seven of the Superseding Indictment charging him with making a false statement to an FFL.

## ARGUMENT

### I. Sentencing Law

In addition to properly calculating the applicable Guidelines range, this Court is also required to consider the sentencing factors set forth in 18 U.S.C. § 3353(a). In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Sentencing Guidelines purely advisory, emphasizing that a sentencing court must not only consider the Guidelines, but also the sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.* at 264. The Supreme Court reaffirmed this principle in *United States v. Kimbrough*, 552 U.S. 85 (2007), emphasizing that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Id.* at 90.

In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court instructed that the sentencing court should first calculate the Sentencing Guidelines range, then permit the

government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the Section 3553(a) factors, and finally pronounce a sentence based on the relevant factors. *Id.* at 49-50. Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." Ultimately, the sentence imposed by the court must meet a standard of reasonableness. *See Booker*, 543 U.S. at 260-61.

II.     **A Sentence of 12 Months Incarceration Complies with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).**

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the characteristics of the defendant, the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A) – (C). The sentencing court must also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

a.   Nature and Circumstances of the Offense

The defendant's conduct here in facilitating the unlawful purchase and possession of numerous firearms is serious. Specifically, the defendant engaged in a conspiracy that resulted in a twice-convicted violent felon and a habitual drug user unlawfully purchasing and possessing 29 firearms. The defendant engaged in this conduct despite knowing that neither individual resided in the state of Virginia and despite knowing that Haddock and Brittany Blanken were going to transport the firearms across state lines into Washington, D.C. and Maryland.

After these firearms were unlawfully purchased and possessed, they were sold to other individuals in Maryland and Washington, D.C.  Law enforcement has recovered roughly a dozen of these firearms ancillary to the commission of crimes or during the execution of search warrants for suspected criminals, but the majority of the firearms involved in the charged conspiracy have not been recovered and continue to pose a potential threat to the community. This danger is precisely why Congress enacted legislation regulating the lawful sale and possession of firearms, intended to document and verify the details and legality of firearms purchases.  These facts are significant and merit a term of 12 months incarceration to deter future similar violations from those who might engage in straw purchasing firearms for violent felons.

## CONCLUSION

For the above-stated reasons, the United States submits that a sentence of 12 months incarceration is reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a). As such, the United States respectfully recommends that the Court impose a sentence of 12 months incarceration.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:\_\_/s/ _____
Nicholas U. Murphy
Assistant United States Attorney
Stephanie Williamson
Special Assistant United States Attorney
United States Attorney's Office for the
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3729

Fax: (703) 299-3981
Nicholas.murphy@usdoj.gov
Stephanie.V.Williamson@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on November 19, 2018, I filed the foregoing document with the Clerk of

Court using the CM/ECF system, which will cause a true and accurate copy of this document to

be transmitted to counsel of record.

In addition, I certify that on November 19, 2018, I emailed a copy of the foregoing to the

U.S. Probation Officer assigned to this matter:

> Terrell Sewell
> United States Probation Officer - Manassas Division
> Eastern District of Virginia
> Phone: (703) 366-2122
> Email: Terrell_Sewell@vaep.uscourts.gov

>    /s/ Nicholas Murphy
> Nicholas Murphy
> Assistant United States Attorney
> United States Attorney's Office
> 2100 Jamieson Avenue
> Alexandria, Virginia 22314
> Phone: (703) 299-3729
> Nicholas.murphy@usdoj.gov